IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 20, 2002 Session

## STATE OF TENNESSEE, EX REL. HEATHER R. MIDDLETON v. STANLEY COCHRAN

**Appeal from the Juvenile Court for Hamilton County**
**No. 23674**

**FILED SEPTEMBER 17, 2002**

**No. E2002-00164-COA-R3-JV**

---

CHARLES D. SUSANO, JR., J., concurring in part and dissenting in part.

I vote to affirm the trial court's judgment. I write separately to express my view that while private school tuition for a minor child is obviously an expense incurred by a parent for the benefit of the child, I do not believe the legislature intended to include this "extraordinary" expense as a part of the concept of the "*child support* ordered pursuant to a previous order of child suport for other children," as that concept is embodied in Tenn. Comp. R. & Regs. ch. 1240-2-4-.03(4) (emphasis added).

In ***Barnett v. Barnett***, 27 S.W.3d 904 (Tenn. 2000), the Supreme Court differentiated – in my opinion, very carefully – between percentage child support and the add-on for "extraordinary educational expenses." I believe this is in keeping with the language of Tenn. Comp. R. & Regs. ch. 1240-2-4-.04, "Criteria for Deviation from Guidelines," in which the subsections of the rule provide that each of the additional expenses "shall be added to the percentage calculated in the above rule."[1]

The "Guidelines for Calculating Child Support Awards," *see* Tenn. Comp. R. & Regs. ch. 1240-2-4-.03, provide a precise step-by-step calculation leading to the "percentage" amount of child support. This includes a detailed calculation of "net income." Tenn. Comp. R. & Regs. ch. 1240-2-4-.03(4). It seems logical to me that if one is trying to determine net income for the purpose of arriving at "percentage" child support, one would only deduct the "percentage" child support for other children and not the "percentage" child support with the add-on of "extraordinary educational expenses."

---

[1] Subsection (d) is somewhat different but not materially.

I agree with the majority opinion that the evidence does not preponderate against the trial court's setting of prospective child support at $133 per week. Certainly, I find no abuse of discretion in this award. Except as indicated in this separate opinion, I concur in the majority opinion.

_____
CHARLES D. SUSANO, JR., JUDGE